```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```
_____

CATHERINE SNYDER,

    Plaintiff,

vs.                                    No. 2:14-cv-02048-dkv

SHELBY COUNTY BOARD
OF EDUCATION,

    Defendant.
_____

ORDER GRANTING DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT
_____

On December 30, 2013, the plaintiff, Catherine Snyder ("Snyder"), filed a lawsuit against the Shelby County Board of Education ("SCBOE")[1] in the Chancery Court of Shelby County, Tennessee, alleging violations of the Americans with Disabilities Act (as amended) ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. (Civil Compl., ECF No. 1-2.) On January 22, 2014, SCBOE removed the case to this court pursuant to 28 U.S.C. § 1441 and 1446. (ECF No. 1.) The parties have consented to the jurisdiction of the United States Magistrate Judge. (ECF No. 6.)

---

[1] On July 1, 2013, the former Memphis City Schools system and the Shelby County Schools system merged to form one school district, the Shelby County Schools system, the merged system being governed by the Shelby County Board of Education.

On March 30, 2015, SCBOE filed its original motion for summary judgment on all Snyder's claims, (ECF No. 17), and, on the same day, Snyder filed a cross-motion for partial summary judgment on her ADA claims, (ECF No. 18).  By order dated June 17, 2015, SCBOE's motion for summary judgment on Snyder's ADEA claim was granted, SCBOE's motion for summary judgment on Snyder's ADA discrimination claim was granted, SCBOE's motion for summary judgment on Snyder's ADA failure to accommodate claim was denied, and Snyder's motion for partial summary judgment on Snyder's ADA claims was denied. (ECF No. 26.)  As to the failure to accommodate claim, the court found that there were genuine issues of material fact as to whether Snyder provided a Certification of Health Care Provider signed by Dr. Martha Gordon, and whether SCBOE engaged in a good faith interactive process, and therefore neither party was entitled to summary judgment on the ADA failure to accommodate claim.  (*Id.* at 15-18.)

On July 17, 2015, SCBOE filed its second motion for summary judgment as to Snyder's ADA failure to accommodate claim, the one remaining claim in this lawsuit.  (SCBOE's Sec. Mot. For Summ. J., ECF No. 31.)  SCBOE seeks summary judgment this time on the basis that the court lacks subject matter jurisdiction over Snyder's ADA failure to accommodate claim because Snyder failed to exhaust her administrative remedies by not including

this claim in her Charge of Discrimination filed with the EEOC. (ECF No. 31-2.) Snyder filed a response in opposition arguing that Snyder's failure to accommodate claim was included in the EEOC charge. (Snyder's Resp. 10, ECF No. 32.) In the alternative, Snyder argues that Snyder's failure to accommodate claim could reasonably have been expected to grow out of the scope of her EEOC claim. (*Id.*)

## I. UNDISPUTED FACTS

The following facts are undisputed for purposes of this summary judgment motion.

Snyder was formerly a teacher with Memphis City Schools ("MCS"). (Snyder's Resp. to SCBOE's Statement of Undisputed Facts ¶ 1, ECF No. 32-1.) Her last teaching position to which she reported was at Holmes Road Elementary School. (*Id.*) Snyder's employment with MCS was terminated on October 3, 2011. *Id.* ¶ 2.) After her termination, Snyder filed a Charge of Discrimination, Charge No. 490-2012-00968, with the EEOC on March 1, 2012, in which she claimed that she had been discriminated against based on her age and disability. (*Id.* ¶ 3; Charge of Discrimination, ECF No. 32-4.) In the Charge of Discrimination, Snyder identified the earliest date on which the discrimination allegedly occurred as July 15, 2011 and the latest date as October 3, 2011, and she checked the boxes on the form next to "AGE" and "DISABILITY." (Charge of Discrimination,

3

ECF No. 32-4.) In the section of the Charge of Discrimination which calls for the particulars of her claim, Snyder stated:

> On or around October 3, 2011, I was discharged from the position of Classroom Teacher. I had worked for the above-named company since August 1988.
>
> I was advised by the Unemployment Office the company holds I abandoned my job (which is not true). I was on suspension without pay as of July 2011/or August 2011 (no reason was given).
>
> I believe I have been discriminated against because of my known disability in violation of the ADA Amendments Act of 2008. In addition, I believe the above-named employer is trying to force employees out with many years of service for budgetary reasons in violation of the Age Discrimination in Employment Act.

(*Id.*)

In her EEOC Intake Questionnaire, Snyder checked the boxes next to "Race," "Sex,", "Age," and "Disability." (Intake Questionnaire 2, ECF No. 32-6.) For the discriminatory action she claimed that was taken against her, Snyder wrote: "fired without a hearing." (*Id*.) As to why she thought this action was discriminatory, she stated: "I was denied FMLA sick leave then denied a hearing before termination." (*Id*.) Included in the EEOC investigation file is an EEOC Analysis Sheet signed by EEOC investigator Karen Booker. (EEOC Analysis Sheet, ECF No. 32-9.) She described the issue under investigation by the EEOC as Snyder being "discharged for job abandonment after failing to

4

report to work upon her release from a doctor's care on [March 21, 2011]." (*Id.*)

In a letter dated September 30, 2013, Investigator Karen Booker advised Snyder that the EEOC was terminating its investigation of Snyder's claim of suspension and discharge because of her age and disability because "the evidence of record supports [] you were placed on suspension only after multiple letters and attempts to reach you by HR and Labor relations were made in an effort to discuss your failure to return to work and failure to submit leave paperwork; you were terminated after failing to attend scheduled hearings with Labor Relations – failing to submit documentation for additional leave – failing to return to work after medical leave ended 3/21/11." (ECF No. 32-10.)  Investigator Booker concluded that it was "unlikely that further investigation [would] result in a finding that a violation has occurred." (*Id.*)  A Dismissal and Notice of Right to Sue accompanied the letter. (Snyder's Resp. to SCBOE's Statement of Undisputed Facts ¶ 7, ECF No. 32-1.)

## II. ANALYSIS

A.  <u>Summary Judgment Standard</u>

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, the discovery and disclosure of materials on file, and any affidavits show that there is no genuine issue as to any material fact and that

5

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993); *Osborn v. Ashland Cnty. Bd. of Alcohol, Drug Addiction & Mental Health Servs.*, 979 F.2d 1131, 1133 (6th Cir. 1992)(per curiam). The moving party has the burden of showing that there are no genuine issues of material fact at issue in the case. *LaPointe*, 8 F.3d at 378. This may be accomplished by pointing out to the court that the non-moving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

In response, the non-moving party must go beyond the pleadings and present significant probative evidence to demonstrate that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993); *see also LaPointe*, 8 F.3d at 378. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *LaPointe*, 8 F.3d at 378.

In deciding a motion for summary judgment, the "[c]ourt must determine whether 'the evidence presents a sufficient

6

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993)(quoting *Anderson*, 477 U.S. at 251–52). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Patton*, 8 F.3d at 346; *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). However, to defeat a motion for summary judgment, "[t]he mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson*, 477 U.S. at 252; *LaPointe*, 8 F.3d at 378. Finally, a court considering a motion for summary judgment may not weigh evidence or make credibility determinations. *Anderson*, 477 U.S. at 255; *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

B.  Snyder's ADA Failure to Accommodate Claim

Snyder's one remaining claim is that SCBOE violated the ADA by failing to accommodate her disability because it did not provide her with an unpaid leave of absence. SCBOE maintains in its second motion for summary judgment that Snyder asserted a failure to accommodate claim for the first time in her complaint

7

filed before this court and that her March 1, 2012 EEOC Charge of Discrimination did not include a failure to accommodate claim. Thus, SCBOE argues, Snyder failed to exhaust her administrative remedies and therefore the court does not have jurisdiction over her failure to accommodate claim.

In enacting Title VII, Congress gave the initial responsibility of enforcement to the EEOC. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010). Accordingly, when an employee has a complaint arising out of alleged employment discrimination, Title VII directs the employee to first file an administrative charge with the EEOC within a certain time of the alleged unlawful act. *See* 42 U.S.C. § 2000e-5(e)(1). Thus, before filing suit in federal court under Title VII, the plaintiff must first timely file a relevant charge of discrimination before the EEOC or corresponding state agency. *Amini v. Oberlin Coll.*, 259 F.3d 493, 398 (6th Cir. 2001).

"As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge." *Younis*, 610 F.3d at 361 (citations omitted). This rule not only puts the employer on notice of claims that are being brought against it, but also affords the EEOC the opportunity to conduct its own investigation and to settle the dispute. *Id.* "[A]llowing a Title VII action to encompass claims outside the

8

reach of the EEOC charges would deprive the charged party of notice and would frustrate the EEOC's investigatory and conciliatory role." *Id.* at 362. However, the rule is not absolute, and courts may permit claims to proceed in court that were not named in the EEOC charge if they are "reasonably related to or grow out of the factual allegations in the EEOC charge." *Id.* The standard with respect to such reasonably-related claims is the following: "'whe[n] facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from brining suit on that claim.'" *Id.* (quoting *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998)).

  1. *Whether the Failure to Accommodate Claim was Included in Snyder's EEOC Charge*

In the present case, Snyder makes no mention in her EEOC charge regarding a failure by SCBOE to accommodate her disability. Rather, the factual allegations in Snyder's EEOC charge reference only her suspension without pay as of July 2011 or August 2011 and her termination without a hearing on October 3, 2011. (Charge of Discrimination, ECF No. 32-4.)

When an employee requests an accommodation for a disability, and the employer denies the request, courts have held it is a discrete act of discrimination. *Horton v. Potter*, 369 F.3d 906, 910 (6th Cir. 2004); *see also Boyd v. Rich Prods.*

9

*Corp.*, No. 10-2317-STA, 2011 WL 3585966, at *5 (W.D. Tenn. Aug. 16, 2011)("The Sixth Circuit has held in the ADA context that termination and failure to accommodate claims, particularly insofar as they differ in kind and occur on different dates, are discrete acts."). A discrete act occurs on the date it happened. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 102 (2002).

In *Jones v. Sumser Retirement Village*, 209 F.3d 851 (6th Cir. 2000), the Sixth Circuit held that the district court lacked subject-matter jurisdiction over the plaintiff's failure to accommodate claim because the plaintiff failed to administratively exhaust her failure to accommodate claim "by not including the failures to accommodate allegation when she filed her claim." *Id.* at 853-54.[2] The Sixth Circuit noted that

---

[2] In *Adamov v. U.S. Bank National Association*, 726 F.3d 851 (6th Cir. 2013), the Sixth Circuit clarified that where a party fails to exhaust administrative remedies in a Title VII claim, the "district court may not dismiss the claim on jurisdictional grounds." *Id.* at 855-56. The defendant in *Adamov* failed to raise the administrative exhaustion issue but the district court raised the issue *sua sponte* and dismissed for lack of subject-matter jurisdiction. *Id.* at 852. The Sixth Circuit reversed and held that because the "question of administrative exhaustion is nonjurisdictional," the defendant forfeited the argument by failing to raise it to the district court. *Id.* at 856. Here, however, SCBOE has raised the issue in its motion for summary judgment and the court is not raising the issue *sua sponte* as was the case in *Adamov*. *See also Cotuna v. Walmart Stores, Inc.*, No. 14-CV-10420, 2015 WL 928201, at *5 (E.D. Mich. Mar. 4, 2015). Nevertheless, the "administrative exhaustion requirement

a "termination claim differs in kind and date from an accommodation claim" and that "the facts relevant to the termination . . . and an alleged failure to accommodate . . . are far different." *Id.* at 854. In *Jones*, as in the present case, the plaintiff filed an EEOC charge claiming that she was terminated due to a disability, but "did not explicitly allege that [the defendant] failed to accommodate her disability." *Id*. at 853. The plaintiff in *Jones*, as in the present case, listed the date of discrimination as the date of termination. *Id.* at 854.

The facts alleged in Snyder's EEOC Charge of Discrimination only reference two discrete acts of alleged discrimination — her suspension without pay in July 2011 and her termination in October 2011. Snyder did not reference a failure to accommodate claim and did not list dates on which the failure to accommodate would have occurred; Snyder only listed her suspension date and termination date. (Charge of Discrimination, ECF No. 32-4.) In her complaint, Snyder alleged that SCBOE failed to accommodate her disability in March 2011, (Compl. ¶ 14, ECF No. 1-2), four months before her suspension date alleged in the EEOC

---

is still a statutory prerequisite to maintaining claims brought under the ADA although it does not limit a district court's subject-matter jurisdiction." *Deister v. AAA Auto Club of Mich.*, No. 13-CV-13993, 2015 WL 1885576, at *5 (E.D. Mich. Apr. 24, 2015)(citing *Adamov*, 726 F.3d at 855).

charge. Thus, Snyder explicitly charged only a suspension claim and a termination claim. *See Perry v. American Red Cross Blood Services*, No. 3-13-1146, 2015 WL 1401058, at *3 (M.D. Tenn. Mar. 26, 2015)(dismissing the plaintiff's failure to accommodate claim for failure to exhaust administrative remedies because it was not explicitly included in the EEOC charge and could not be reasonably expected to grow out of the EEOC charge which charged only a wrongful termination).

The references in the EEOC intake questionnaire relied on by Snyder do not satisfy the requirement that the failure to accommodate claim be explicitly included in the EEOC charge. The EEOC intake questionnaire does not meet the requirements of a charging document because it was not "filed . . . under oath or affirmation" as required by the regulations.  42 U.S.C. §2000e-5(b).  Furthermore, even the intake questionnaire does not specifically reference a failure to accommodate claim based on disability.  At best, Snyder merely states she was denied FMLA leave.  (*See* ECF No. 32-6.)  Furthermore, the EEOC investigator's analysis of the issue and her report of investigation in the right to sue letter makes it clear that she conducted an investigation of Snyder's claim of suspension and termination because of her age and disability and not a failure to accommodate claim.  (*See* ECF No. 32-10.)

12

    2. *Whether the Failure to Accommodate Claim Can Reasonably Be Expected to Grow out of the Termination Claim*

Here, none of the discrete facts alleged in Snyder's EEOC charge can reasonably be inferred to give rise to a failure to accommodate claim. The factual allegations in her charge specifically relate to a suspension and termination charge. They show, at best, isolated events and would not put the EEOC on notice that it should investigate a failure to accommodate claim. A failure to accommodate claim does not reasonably grow out of the claims and allegations in Snyder's EEOC charge of discrete acts of suspension and termination beginning more than four months after the alleged failure to accommodate. As a result, Snyder has not satisfied the requirement that she must exhaust her administrative remedies concerning her failure to accommodate claim.

### III. CONCLUSION

For the foregoing reasons, SCBOE's second motion for summary judgment is granted. All Snyder's claims are therefore dismissed.

IT IS SO ORDERED this 1st day of September, 2015.

                                       S/ Diane K. Vescovo
                                       Diane K. Vescovo
                                       United States Magistrate Judge